IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DIE K. BLAISE,

                Plaintiff,

v.                                        Civil Action No. 3:16-cv-26-JAG

FEDERAL BUREAU OF INVESTIGATION,

                Defendant.

## OPINION

Blaise filed suit against the Federal Bureau of Investigation ("FBI") for civil rights violations and several other alleged violations. Blaise also filed a motion to proceed *in forma pauperis* and a financial affidavit. Blaise's original financial affidavit did not include any information about his monthly expenses. On January 19, 2016, the Court directed Blaise to file a completed financial affidavit, which he filed on January 28, 2016. After reviewing Blaise's updated financial affidavit the Court finds that Blaise is unable to pay the costs of proceeding in the instant case. Accordingly, the Court grants Blaise's motion to proceed *in forma pauperis*. The Court, however, dismisses Blaise's complaint because the plaintiff has failed to state a claim against the FBI.

## I. BACKGROUND

In the instant suit, Blaise alleges multiple claims against the FBI. Specifically, the plaintiff alleges: "Civil Rights Violation, Mental Abuse, Illegal Phone Tap[p]ing since 2006, Cyber Harassment and Humiliation, Electronic Torture by Electromagnetic Radiation, [and] Electronic Murder Attempt by Electromagnetic Radiation incitation to suicide by Electronic

Means-Electromagnetic Frequency (EMF) or Radiation" (Dk. No. 1-1 at 2.) In support of these allegations, he states that "the government agent told my employers that I am addicted to narcotic drugs and my employers should watch me." (*Id.*) Blaise also asserts that FBI monitoring caused his phone and internet to stop working at times. He also alleges that a police officer told him that an FBI or Drug Enforcement Agency ("DEA") agent was responsible for a home invasion at his home on August 14, 2011. Finally, Blaise alleges that the FBI has illegally monitored his travel.

## II. DISCUSSION

When a plaintiff proceeds *in forma pauperis*, the court may dismiss the case at any time if the court finds that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When interpreting a pro se complaint, the Court must afford the complaint a liberal construction. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* The Fourth Circuit has stated that "though [pro se] litigants cannot . . . be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). In other words, "[d]istrict judges are not mind readers." *Id.* at 1278.

In order to state a claim, the plaintiff's allegations must consist of sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires the plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

Blaise fails to assert enough facts that, even taken as true, could state a claim against the FBI. The plaintiff does not include any facts that tie the FBI to any of his allegations. Rather, Blaise simply makes conclusory allegations against the FBI. Blaise, therefore, has failed to state a claim against the FBI.

### III. CONCLUSION

The Court finds that Blaise has failed to state a claim on which relief may be granted. Consequently, the Court DISMISSES his complaint WITHOUT PREJUDICE.

An appropriate Final Order shall issue.

Let the Clerk send a copy of this Opinion to the pro se plaintiff via U.S. Mail.

Date: February 1, 2016
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge